SEAWELL, J., dissenting.
CLARKSON, J., concurs in dissent.
Civil action to recover of defendant Katzis damages for breach of noncompetitive agreement, and to enjoin foreclosure of deed of trust securing purchase money notes executed in sale of laundry in connection with which said agreement was executed.
This appeal is from order dissolving order which temporarily restrained foreclosure sale under the deed of trust. The basic facts involved are fully stated in the opinion of this Court in former action between same parties, and others, filed 8 January, 1941, and reported in 218 N.C. 740,12 S.E.2d 671, subsequent to institution of present action.
Briefly stated, the facts there, in so far as pertinent to this appeal, are these: The plaintiffs sought to have canceled notes aggregating $10,900 executed by them and payable to Goldsboro Dry Cleaners Hatters, Inc., as the unpaid part of balance of purchase price for all its assets, including good will, as well as the deed of trust executed by them to H. B. Parker and Paul B. Edmundson, Trustees, as security for said notes, which were endorsed by Goldsboro Dry Cleaners Hatters, Inc., to Nick J. Katzis at the time and as a part of the transaction involving the sale. The alleged ground for cancellation was failure of consideration in that Katzis had breached his noncompetitive agreement entered into as a part of the same transaction. Plaintiffs there also alleged damages by reason of said breach. Katzis denied any breach of his agreement and, in cross action, averred that Sineath and Hearon were indebted to him in the sum of $10,900, and interest, as evidence by said notes.
Mechanics and Farmers Bank of Durham, North Carolina, and R. L. McDougald, Trustee, were brought in as additional parties defendant to that action, for that the bank was asserting right to possession of said notes, which it averred had been assigned to it by Katzis as collateral security to his note for $2,463.07, as set forth in deed of trust executed to R. L. McDougald, Trustee. Plaintiffs there alleged and contended that whatever rights the bank had in said notes were acquired from Katzis, and were subject to superior right of plaintiffs against Katzis to have same canceled and surrendered. The bank and trustee denied *Page 437 
this allegation and contention, and set up cross action upon the note and deed of trust given by Katzis by which the notes of plaintiffs were assigned by Katzis to the bank.
In the trial court, the jury found that Katzis had breached his noncompetitive agreement and that plaintiffs had been damaged in a nominal amount. Also in response to the fifth issue, "In what amount, if any, are plaintiffs indebted on the notes referred to in the complaint?" the jury answered: "$10,900 and interest." Upon verdict on that issue judgment was entered "that the plaintiffs, W. P. Sineath and A. G. Hearon, as represented by the notes . . . and secured by a deed of trust (describing it), are indebted to the defendant Nick J. Katzis in the sum of $10,900, with interest . . . subject to the assignment to R. L. McDougald, Trustee, hereinafter referred to." The court further decreed "that R. L. McDougald, Trustee, and Mechanics and Farmers Bank of Durham . . . be and they are hereby declared to be the owners of, and entitled to the possession of thirty-six notes, aggregating $10,900, referred to in the complaint filed in this cause, and the deed of trust to Paul B. Edmundson and H. B. Parker, Trustees, whereby said notes are secured, and for the purposes set forth in the deed of trust . . . to the end that the proceeds from the collection of said notes shall be applied, first, in payment of the indebtedness due said Mechanics and Farmers Bank by Nick J. Katzis, and the balance to be paid over to Nick J. Katzis, or his order, as provided in said deed of trust." The judgment was affirmed on appeal to this Court.
In the present action plaintiffs allege in effect that since the date of institution of the former action, Nick J. Katzis has further violated and breached the same noncompetitive agreement, that such breach also constitutes failure of consideration for the same notes, that by reason of such failure of consideration the same notes should be canceled, and that the pending sale by foreclosure under their deed of trust to H. B. Parker and Paul B. Edmundson, Trustees, should be enjoined, as "unlawful and violative of the plaintiffs' rights for the reason (a) that nothing is due on said deed of trust or the notes secured thereby, and (b) because no holder of said notes has requested the trustees to offer said property for sale under said deed of trust," that the sale of the property, if consummated, would irreparably injure the plaintiffs, and that Nick J. Katzis is insolvent. Plaintiffs by reference incorporate the deed of trust in their complaint, and allege that by proper proceeding John S. Peacock has been substituted as Trustee for Paul B. Edmundson. Plaintiffs further allege that, before the date of sale, defendants, Mechanics and Farmers Bank and R. L. McDougald, Trustee, withdrew their request for said foreclosure, and, further upon information, allege that no holder of said notes at any time requested the foreclosure. *Page 438 
Defendants plead res judicata, and deny plaintiffs' allegations that Katzis has breached his noncompetitive agreement, that plaintiffs have been damaged, and that Katzis is insolvent, and further deny right of plaintiffs to injunctive relief. And, while defendant bank and McDougald, Trustee, admit withdrawal of request for foreclosure, defendants Katzis and Parker and Peacock, Trustees, aver that prior to the time the property was advertised by the trustees, said Katzis requested the foreclosure, and that by the terms of the deed of trust, by reason of default in payment, the entire indebtedness is due and unpaid and defendant Nick J. Katzis is entitled to have the trustees offer the property for sale, and execute a deed to last and highest bidder.
Otherwise, this action is identical with the former action.
Upon the complaint as filed the court issued a temporary injunction against sale by foreclosure, and an order to the defendants to show cause why the same should not be continued to the final hearing. Upon the hearing thereon the plaintiffs offered in evidence as an affidavit the complaint and replies filed herein. The defendants Katzis and Parker and Peacock, Trustees, offered in evidence as affidavits the answer filed by them and also the complaint, the answer of Nick J. Katzis, Letha White and White's Laundry and Cleaners, Inc., and the judgment in the former action, together with transcript therein of the testimony of W. P. Sineath and A. G. Hearon. "The court finding that the plaintiffs are not entitled to have the temporary restraining order herein continued to the final hearing of the cause," entered judgment dissolving same.
Plaintiffs appeal therefrom and assign error.
In their brief filed on this appeal plaintiffs contend that the judge below erred in dissolving the temporary restraining order for these reasons: (1) That the trustees have no authority to foreclose the deed of trust upon demand of defendant Katzis. (2) That there is nothing due by the plaintiffs on the indebtedness secured by the deed of trust sought to be foreclosed.
While the findings of fact by the judge of Superior Court are not conclusive on appeal in injunction cases "in which we look into and review the evidence, . . . still there is a presumption always that the judgment and proceedings below are correct and the burden is upon appellant to assign and show error." Hyatt v. DeHart, 140 N.C. 270, *Page 439 52 S.E. 781; Plott v. Comrs., 187 N.C. 125, 121 S.E. 190.
Upon consideration of the pleadings and evidence in the present case as shown in the record and case on appeal, we are of opinion, and hold, that appellant fails to show error in the judgment below.
The notes, secured by the deed of trust here involved, are the same notes as those involved in the former action. There the plaintiffs contended that by reason of the breach by Nick J. Katzis of his noncompetitive agreement there was failure of consideration for the notes. But there the jury found that plaintiffs are indebted on those notes in the sum of $10,900, with interest. Upon that verdict the court adjudged that W. P. Sineath and A. G. Hearon are indebted to Nick J. Katzis in the sum of $10,900, with interest, subject to the assignment to R. L. McDougald, Trustee. The judgment was affirmed on appeal to this Court. 218 N.C. 740,12 S.E.2d 671. The opinion there concludes with these two sentences: "Having held that there is no error with respect to the issue of damages, we deem it unnecessary to enter into a discussion of failure of consideration proffered by plaintiffs. It is sufficient to say that, on the facts presented, plaintiffs' remedy is properly based on claim for damage."
The question of failure of consideration for those notes, therefore, may not again be raised by W. P. Sineath and A. G. Hearon, and those standing in privity to them, as do plaintiffs in the present action. Plaintiffs assert no other equity for challenging the validity of the notes. Hence, the notes stand as valid obligations of the makers secured by the deed of trust in question.
Now, with regard to the right of defendant Katzis to request the trustees to foreclose the deed of trust: The judgment in the former action recognizes that said Katzis has an equity in and to the notes in question. Recurring to the factual situation, bear in mind that the notes were executed by W. P. Sineath and A. G. Hearon and payable to Goldsboro Dry Cleaners Hatters, Inc., and by it assigned absolutely to Nick J. Katzis, who in turn assigned them to R. L. McDougald, Trustee for Mechanics and Farmers Bank of Durham, as collateral security for an indebtedness less in amount than the face value of the notes. While the court adjudged that said trustee and bank are the owners and entitled to the possession of the notes "for the purposes set forth in the deed of trust," it is provided that this is to "the end that the proceeds from the collection of said notes shall be applied, first, in the payment of the indebtedness due said Mechanics and Farmers Bank by Nick J. Katzis, and the balance to be paid over to Nick J. Katzis, or his order," that is, that W. P. Sineath and A. G. Hearon are indebted to Katzis for the face amount of their notes, $10,900, with interest, subject to the payment to the bank of the amount of his note, $2,463.07, to which as collateral *Page 440 
security he assigned the Sineath and Hearon notes. By such assignment of these notes as collateral security for his own debt of less amount than the face value of the notes, Katzis does not lose his interest in the deed of trust by which the notes are secured. 41 C. J., 681 and 882. Hughes v.Johnson, 38 Ark. 285. While it may be true that Katzis does not have physical possession of the notes, he had the right, unless otherwise agreed, to call upon the trustees to foreclose the deed of trust. He is interested in the payment of the whole amount, not only that which is due to him but that to which the bank is entitled, as represented by his note. The record contains no restriction upon his right to request foreclosure.
The court has the power to restrain the exercise of the power of sale under a mortgage or deed of trust where a sale thereunder would work an injustice to the rights of the mortgagor or trustor or others interested in the property; but there should be some equitable element involved, as fraud, mistake, or the like. For example, the sale will be restrained when there is serious controversy as to the amount actually due on the indebtedness secured by the mortgage or deed of trust, so that the debtor or those claiming under him may know the proper amount and pay without a sacrifice of property. McIntosh, N.C. P. P., 980; Bridgers v. Morris,90 N.C. 32; Broadhurst v. Brooks, 184 N.C. 123, 113 S.E. 576.
In the present state of the instant case there can be no controversy as to the validity, and there is none as to the amount of the notes in question. Furthermore, where the answer denies the equity of the bill, the general rule is that the injunction will be dissolved. When, however, the injunctive relief sought is not merely ancillary to the principal relief demanded in the action, but is of itself the main relief, the court will not dissolve the injunction, but will continue it to the hearing. Cobb v.Clegg, 137 N.C. 153, 49 S.E. 80; Hyatt v. DeHart, supra; Bone v. Boone,217 N.C. 722, 9 S.E.2d 383.
In the present case, when stripped of the allegations of failure of consideration for the notes, the main relief sought is recovery of alleged damages for alleged breach of contract, to which injunction against foreclosure of the deed of trust is merely ancillary.
Upon careful consideration, the record fails to show cause for disturbing the ruling of the judge of Superior Court.
Hence, the judgment below is
Affirmed.