ELLEN L. DOWNING, ADMINISTRATRIX OF HESTER HAUGHTON, DECEASED,
   v. MELVIN DICKSON, CALVIN HALL, MILTON COX, ROBERT
   ALLEN AND THURMAN RIDDICK, TRUSTEES OF MORNING STAR
   A. M. E. ZION CHURCH, ROPER, N. C., AND THURMAN RIDDICK AND
   MAGGIE RIDDICK, HIS WIFE, INDIVIDUALLY.

(Filed 20 September, 1944.)

**1. Lost or Destroyed Instruments §§ 2, 3—**

If the original instrument cannot be produced and it becomes necessary to offer secondary evidence of its contents, such contents, including the course of its legal operation, must be established by the testimony of one who has first-hand knowledge of the subject, for hearsay is not competent.

**2. Same—**

"First-hand knowledge," required to prove a lost instrument, does not necessarily imply testimony of verbal precision; but it is necessary to prove the execution of the paper, its delivery, its loss, the material parts, and its legal operation.

**3. Lost or Destroyed Instruments § 3: Trial § 22b—**

> In an action to set up an alleged lost mortgage and to foreclose same, where there is no evidence of who signed the mortgage, or of the authority of anyone to sign it, and a total absence of evidence of the execution of the mortgage, the allowance of a motion for judgment as in the case of nonsuit was correct.

APPEAL by plaintiff from *Thompson, J.,* at April Term, 1944, of WASHINGTON.

This was an action to set up an alleged lost mortgage, and to foreclose same.

When the plaintiff had introduced her evidence and rested her case the defendants moved for judgment as in case of nonsuit, which motion was allowed, and plaintiff excepted and appealed to the Supreme Court. G. S., 1-183.

*H. S. Ward for plaintiff, appellant.*
*W. L. Whitley and P. H. Bell for defendants, appellees.*

SCHENCK, J. In *Powers v. Murray,* 185 N. C., 336, at p. 338, 117 S. E., 161, it is written: "If the original (instrument) cannot be produced and it becomes necessary to offer secondary evidence of its contents, such contents, including of course its legal operation, must be established by the testimony of one who has 'first-hand knowledge on the subject'; for hearsay based upon statements made by third parties is not deemed sufficient to impart competent and correct information of the matter in dispute. *Propst v. Mathis,* 115 N. C., 527. This 'first-hand knowledge' does not necessarily imply testimony of verbal precision, but it should embrace entirety of parts. Aside from the practical impossibility of recalling the identical words of a lost deed, they are not essential in proof of the contents. But it is necessary to prove the execution of the deed, its delivery, its loss, the material parts, and its legal operation."

The evidence offered by the plaintiff in this action fails absolutely to prove the execution of the mortgage sought to be set up, and the evidence of its delivery, material parts and legal operation is very scant, if indeed extant.

The plaintiff is forced to bottom her case upon the testimony of the witness A. L. Alexander, who testified in effect that Hester Haughton, the plaintiff's intestate, prior to her death, showed him a mortgage for the purpose of letting the witness issue a fire insurance policy on the property covered thereby for the amount of the indebtedness evidenced thereby and that he wrote and delivered to her a fire insurance policy for

$1,200.00 "to cover the indebtedness on the church." On cross-examination: "I said I saw a mortgage in the box. I don't know who signed the mortgage . . . I tell the Court and jury that I don't know who signed the note and mortgage I saw. I don't know who probated the paper I saw. . . . That I do not know anything about it. I didn't have anything to do with it and ain't got anything to do with it now. . . . I did not read it and cannot recite any of its terms or provisions."

In the absence of any evidence of who signed the mortgage involved, or of the authority of anyone to sign it, and of the total absence of the execution of the mortgage alleged to have been lost and sought to be set up and foreclosed, the action of his Honor in allowing the motion of the defendants for a judgment as in case of nonsuit was correct.

The plaintiff in her brief filed in this Court practically concedes that she has not successfully maintained her alleged action to set up a lost instrument, but insists that she was entitled under the evidence offered to have the case presented to the jury on the issue of simple indebtedness of the defendants to the plaintiff. This notwithstanding the fact that it appears from the record that the case was tried upon the theory of setting up a lost instrument in the court below. But, however this may be, in order to prove an allegation of indebtedness the evidence must be positive, and not merely speculative, and such was not the evidence in this case. The most direct and practically the only evidence on this point was that of the same witness Alexander who testified: "She (the intestate) asked me to look at the mortgage and see what indebtedness they owed her and the best I recollect it was between eleven and twelve hundred dollars. I wouldn't say positively," and such information as the witness had was gleaned from an alleged mortgage the valid execution of which was not proven.

The judgment of the Superior Court is
Affirmed.