MITCHELL FURST, TRUSTEE, AND DANIEL BOONE COMPLEX, INC. v. DALTON H. LOFTIN, TRUSTEE; JAMES J. FREELAND AND WIFE, MAXINE H. FREELAND, AND CENTRAL CAROLINA BANK AND TRUST COMPANY, ASSIGNEE

No. 7515SC1011

(Filed 5 May 1976)

1. **Rules of Civil Procedure § 56— summary judgment — no findings of fact by trial court**

    In passing upon a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, the court does not decide facts but makes a determination whether an issue exists which is germane to the cause of action; if findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper.

2. **Rules of Civil Procedure § 56— summary judgment — burden of proof**

    The party moving for summary judgment has the burden of clearly establishing, by the record properly before the court, the lack of a triable issue of fact and the movant's papers are carefully scrutinized while those of the opposing party are indulgently regarded.

3. **Mortgages and Deeds of Trust § 19— assignment of note by holder — insurance required by deed of trust — right of holder to require insurance on subject property**

    In an action to have foreclosure sales set aside and for monetary damages, the trial court erred in determining that because defendants Freeland assigned a note, deed of trust, and chattel mortgage to defendant CCB as collateral for a loan made to them by CCB in an amount less than that of the note, they had no right to require insurance coverage on the improvements on the subject property pursuant to the provisions of the deed of trust, declare the indebtedness in default, or direct that the deed of trust and chattel mortgage be foreclosed, since it is the general rule that in the absence of a statutory

Furst v. Loftin

provision to the contrary, where the owner of a mortgage has pledged it as collateral security for a debt less than the face of the mortgage, he has an interest in it which entitles him to take proper steps to foreclose the mortgage.

4. **Mortgages and Deeds of Trust § 25— insurance coverage required in deed of trust — failure to specify dollar amount — declaration of default**

In an action to have foreclosure sales set aside and for monetary damages, the trial court erred in concluding that defendants Freeland could not declare the note in question in default for failure of plaintiffs to maintain insurance on the subject property for the reason that no particular amount of insurance was ever specified by the Freelands or by CCB, the assignee of the note, since the deed of trust securing the note provided that the amount of insurance would be an amount satisfactory to the holder of the note, not to exceed the unpaid balance thereon, and defendants Freeland were sufficient "holders of the note" to exercise requirements regarding insurance coverage. Moreover, evidence was sufficient to raise an issue whether defendants Freeland agreed to a particular amount of insurance coverage.

5. **Mortgages and Deeds of Trust § 26— foreclosure under deed of trust provisions — sufficiency of notice**

In an action to have foreclosure sales set aside and for monetary damages, the trial court erred in determining that the deed of trust foreclosure proceeding conducted by defendant Loftin at the direction of defendants Freeland was a civil proceeding subject to the Rules of Civil Procedure and that the mailing of notice of default, addressed to plaintiff at Hillsborough, N. C., by defendant Loftin on 2 July 1974 followed by commencement of foreclosure proceedings on 24 July 1974 did not meet the requirements of notice provided for by the contract and rule of law, since the record discloses that defendants Freeland and Loftin complied with the provisions of the deed of trust before instituting foreclosure proceedings.

6. **Mortgages and Deeds of Trust § 40— setting aside foreclosure — summary judgment improper**

Summary judgment was improper in this action to have foreclosure sales set aside since material issues of fact existed with respect to plaintiffs' provision of insurance coverage on the subject property as required by the deed of trust.

7. **Mortgages and Deeds of Trust § 13— determination that default occurred — duty of trustee**

In an action to have foreclosure sales set aside and for monetary damages, defendant Loftin was not entitled to summary judgment since there was an issue of fact as to whether Loftin, even though his powers as trustee were mandatory, acted in good faith and exercised the judgment of a reasonable and prudent person in determining that there had been a default under the deed of trust.

Judge CLARK dissenting.

APPEAL by defendants from *Smith, Judge.* Judgments entered 9 July 1975 in Superior Court, ORANGE County. Heard in the Court of Appeals 5 April 1976.

Plaintiffs instituted this action to have defendants restrained and enjoined from selling certain real estate and personal property under a deed of trust and chattel mortgage. The complaint was later amended in order for plaintiffs to seek the setting aside of foreclosure sales and recovering monetary damages.

The allegations of the original complaint, filed 21 August 1974, are summarized in pertinent part as follows:

Plaintiff trustee is the owner of certain real estate located in Hillsborough, N. C., known as the Daniel Boone Complex, Inc. (DBC). Defendant Loftin is the trustee and defendants Freeland are the cestuis que trust named in a deed of trust executed by DBC on 1 March 1974. Defendant bank (CCB) is the assignee and holder of said deed of trust and note secured by same. On 24 July 1974 defendant Loftin caused real estate to be advertised for foreclosure sale pursuant to said deed of trust, the sale being scheduled for 23 August 1974. Defendant Loftin also caused certain personal property belonging to plaintiffs to be advertised for foreclosure sale pursuant to said chattel mortgage, the sale being scheduled for 30 August 1974. Plaintiffs are informed and believe that defendant Loftin claims default in said deed of trust and chattel mortgage on the ground that plaintiffs have not provided continuous insurance coverage as required by the deed of trust; plaintiffs insist that there has been continuous insurance coverage, hence no default. Plaintiffs asked that defendant Loftin be restrained and enjoined from conducting the foreclosure sales.

The court entered a temporary restraining order on 22 August 1974 and rescheduled the real estate sale for 30 August 1974 pending a hearing on the temporary order. On 28 August 1974 the court entered an order dissolving the restraining order. Plaintiffs gave notice of appeal and the court ordered that operation of the 28 August order be suspended pending appeal, provided plaintiffs posted a $50,000 bond by 9:00 a.m., 30 August 1974. Plaintiffs failed to post the bond and did not perfect the appeal.

On 4 October 1974 plaintiffs filed an amended complaint alleging a wrongful sale of their land and personal property on

Furst v. Loftin

30 August 1974 by defendant Loftin, purporting to act as trustee, to defendants Freeland. Plaintiffs asked that the sales be declared null and void and that they recover damages from defendants.

Defendants Freeland and Loftin filed answers admitting the sale of the land and personal property but alleging that the deed of trust and chattel mortgage were in default for failure of plaintiffs to provide continuous insurance coverage. Defendant CCB filed answer alleging that its only interest in the matter was that of assignee of the note and deed of trust as security for a loan made by it to defendants Freeland.

All parties moved for summary judgment. In support of the summary judgment motions, the parties presented depositions, exhibits, and other materials tending to show the following:

In March 1974 plaintiff DBC executed a note to defendants Freeland for $1,085,000, representing the balance of the purchase price of the real estate in question; to secure said note DBC executed a deed of trust on the real estate to defendant Loftin as trustee and a chattel mortgage to defendants Freeland on certain personal property located on the real estate. The deed of trust provided that DBC would obtain insurance on the property "in an amount satisfactory to the holder of the Note." The deed of trust was recorded on 15 March 1974 and on the same day defendants Freeland assigned the note and deed of trust to defendant CCB as collateral for a $250,000 loan made by CCB to the Freelands. On 14 March 1974 plaintiff DBC executed a deed to plaintiff trustee conveying the lands in question subject to the deed of trust aforesaid to defendant Loftin.

After 15 March 1974 defendant Loftin, on behalf of defendants Freeland, repeatedly made inquiries to plaintiffs or their attorneys as to whether plaintiffs had obtained insurance as required by the deed of trust. On 23 April 1974 plaintiffs' attorney sent defendant Loftin binders for two insurance policies on the subject property, one of which was to expire on 2 May 1974 and the other on 1 June 1974. Defendant Loftin requested that the actual policies be sent to him, but this was not done, even after the binders expired. On 19 June 1974, defendant J. J. Freeland purchased insurance on the property, paid a premium of approximately $27,000 therefor, and on 2 July 1974, at defendant J. J. Freeland's direction, defendant Loftin mailed

notice of default to plaintiff DBC. On 3 July 1974 defendant Loftin received two insurance policies covering the property from plaintiffs' attorney, the effective date of the policies being 2 April 1974 and the expiration date being 2 April 1975.

On 10 July 1974 defendant Loftin contacted the insurance agency which sold the policies to plaintiff DBC and was advised that the policies had been cancelled for nonpayment of premium.

On 24 July 1974, pursuant to defendant J. J. Freeland's instructions, defendant Loftin began advertisement of foreclosure sales of the subject property. On 20 August 1974, defendant Loftin received signed statements from officers of the companies which issued the insurance policies to plaintiff DBC, as well as the agency which sold plaintiff DBC the policies, indicating that the policies had never been cancelled and were still in effect. At the foreclosure sales defendants Freeland purchased the real estate for $500,000 and the personal property for $137,914.50.

Following a hearing on the motions, the court granted defendant CCB's motion for summary judgment and denied the motions of defendants Freeland and Loftin. It granted partial summary judgment for plaintiffs, holding that the deed of trust and chattel mortgage had been wrongfully foreclosed, and reserving for later determination the question of what relief should be granted to plaintiffs.

Defendants Loftin and Freeland appealed.

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson, by Josiah S. Murray III, for plaintiff appellees.*

*Dalton H. Loftin in propria persona.*

*Manning, Fulton & Skinner, by M. Marshall Happer III, for defendant appellants Freeland.*

BRITT, Judge.

### APPEAL OF DEFENDANTS FREELAND

Did the trial court err in entering summary judgment against defendants Freeland? We hold that it did.

[1]   At the outset we note that the trial court made extensive "findings of fact." We repeat again that in passing upon a

motion for summary judgment pursuant to G.S. 1A-1, Rule 56, the court does not decide facts but makes a determination whether an issue exists which is germane to the cause of action. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971); *Moore v. Bryson,* 11 N.C. App. 260, 181 S.E. 2d 113 (1971). If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. *Insurance Agency v. Leasing Corp.,* 26 N.C. App. 138, 215 S.E. 2d 162 (1975).

[2] We also restate the rule that the party moving for summary judgment has the burden of clearly establishing, by the record properly before the court, the lack of a triable issue of fact and the movant's papers are carefully scrutinized while those of the opposing party are indulgently regarded. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972); *Koontz v. Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972), *rehearing denied,* 281 N.C. 516 (1972).

[3] First, it appears that the trial court concluded that because defendants Freeland had assigned the note, deed of trust, and chattel mortgage to CCB, they had no right to require insurance coverage on the improvements on the subject property, declare the indebtedness in default, or direct that the deed of trust and chattel mortgage be foreclosed. We think the court erred in this conclusion.

It is true that the instruments securing plaintiffs' indebtedness of $1,085,000 were assigned by defendants Freeland to CCB; but, the assignment was only as collateral for a loan of $250,000.00. The assignment specifically states that it is for collateral purposes and that upon the payment of the loan, the $1,085,000 note and deed of trust would be reassigned to defendants Freeland. The three instruments were reassigned to said defendants on 10 September 1974.

It appears to be the general rule that in the absence of a statutory provision to the contrary, where the owner of a mortgage has pledged it as collateral security for a debt less than the face of the mortgage, he has an interest in it which entitles him to take proper steps to foreclose the mortgage. 55 Am. Jur. 2d, Mortgages, § 1369, p. 1086. It further appears that this rule has been followed in this jurisdiction. *Ball-Thrash & Co. v. McCormick,* 162 N.C. 471, 78 S.E. 303 (1913); *see e.g., Sineath*

*v. Katzis,* 219 N.C. 434, 14 S.E. 2d 418 (1941). We have found no statute affecting the rule in North Carolina.

We hold that defendants Freeland had the right to demand compliance with the insurance coverage provisions of the deed of trust, to declare the note in default upon failure of plaintiffs to comply with said provisions, and in the event of default to require the trustee to foreclose the deed of trust.

[4]   The trial court concluded that defendants Freeland could not declare the $1,085,000 note in default for failure of plaintiffs to maintain insurance for the reason that no particular amount of insurance was ever specified by the Freelands or by CCB. We think the court erred in this conclusion.

The pertinent provision of the deed of trust is as follows: "That the said party of the first part (DBC) will insure and keep insured the buildings and contents in the premises herein conveyed against loss by fire and windstorm during the existence of this indebtedness in an amount satisfactory to the holder of the note but not to exceed the unpaid balance thereon and will assign said insurance to the holder of the note . . .; and, should the party of the first part fail to cause such insurance to be issued and assigned as aforesaid or fail to pay any premium therefore (sic), then the said holder of the Note is authorized to effect such insurance or to make such premium payments as may be due if he so elects, and such sums so paid shall be a lien against the said premises and immediately due and payable to the holder of the Note. . . ."

It will be noted that the amount of insurance would be an amount satisfactory to the holder of the note, not to exceed the unpaid balance thereon. As stated above, we think defendants Freeland were sufficient "holder(s) of the note" to exercise requirements regarding insurance coverage.

The record discloses that on 23 April 1974 defendant Loftin received a letter from plaintiffs' counsel enclosing two insurance binders purportedly covering buildings on the subject property and contents; that defendant Loftin discussed the binders with defendant J. J. Freeland and he was satisfied with the amounts shown on the binders; and that defendant Loftin wrote plaintiffs' counsel, Mr. Redmon, informing him that Mr. Freeland did not object to the amount of coverage shown on the binders but that he was disgusted with the fact that he had not received the policies and receipts. (R. p. 32.)

We hold that the evidence was sufficient to raise an issue whether defendants Freeland agreed to a particular amount of insurance coverage.

[5]  The trial court concluded that the deed of trust foreclosure proceeding conducted by defendant Loftin at the direction of defendants Freeland was a "proceeding of a civil nature," subject to Rule 1 of the North Carolina Rules of Civil Procedure; and that the mailing of notice of default, addressed to Daniel Boone Complex, Inc., Hillsborough, N. C., by defendant Loftin on 2 July 1974, followed by the commencement of foreclosure proceedings on 24 July 1974, did not meet the requirements of notice provided for by the contract and rule of law. We think the court erred in this conclusion.

The deed of trust specifically provides that if DBC should fail to perform any of the covenants and conditions required of it "after mailing notice of default addressed to Daniel Boone Complex, Inc., Hillsborough, N. C., certified mail, return receipt requested, and such default shall continue for 20 days," then defendants Freeland had the option of declaring the entire indebtedness due and payable immediately. The record discloses that defendants Freeland and Loftin complied with these provisions before instituting foreclosure proceedings.

We reject plaintiffs' contention and the trial court's conclusion that the foreclosure of the deed of trust under the power of sale contained therein is an action or proceeding subject to the Rules of Civil Procedure. (It will be noted that the foreclosure in this case antedated the 1975 amendments to Article 2A of G.S. Chapter 45.)

[6]  Defendants Freeland assign as error the failure of the court to grant their motion for summary judgment. We find no merit in this assignment.

It appears that the primary question involved in this case is whether plaintiffs failed to provide insurance coverage as required by the deed of trust. While evidence submitted by plaintiffs tends to show that they did, evidence presented by defendants tends to show that they did not. We think material issues of fact exist and that neither plaintiffs nor defendants Freeland are entitled to summary judgment.

Therefore, the summary judgment against defendants Freeland is reversed and this cause is remanded to the superior court for further proceedings not inconsistent with this opinion.

### APPEAL OF DEFENDANT LOFTIN

[7] For the reasons set forth above, we hold that the trial court erred in granting summary judgment against defendant Loftin. The remaining question is whether the court erred in denying defendant Loftin's motion for summary judgment. We hold that it did not.

"The powers of a trustee are either mandatory or discretionary. A power is mandatory when it authorizes and commands the trustee to perform some positive act." *Woodard v. Mordecai,* 234 N.C. 463, 471, 67 S.E. 2d 639, 644 (1951). The deed of trust in question provides that in the event of default, and on application of the cestui que trust or the then holder of the note, "it shall be lawful for and the duty of" the trustee to institute foreclosure proceedings. Thus it appears clear that the powers vested in defendant Loftin were mandatory.

Even so, the trustee in a deed of trust owes a duty to the debtor as well as to the creditor. In *Mills v. Building and Loan Ass'n.,* 216 N.C. 664, 669, 6 S.E. 2d 549, 552 (1940), it is said:

"The trustee for sale is bound by his office to bring the estate to a sale under every possible advantage to the debtor as well as to the creditor, (Citation.) and he is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and the creditor alike, apprising both of the intention of selling, that each may take the means to procure an advantageous sale. (Citation.) He is charged with the duty of fidelity as well as impartiality, of good faith and every requisite degree of diligence, of making due advertisement and giving due notice. (Citations.) Upon default his duties are rendered responsible, critical and active and he is required to act discreetly, as well as judiciously, in making the best use of the security for the protection of the beneficiaries. (Citations.)"

Applying the rule stated in *Mills,* the question then arises, did defendant Loftin act in good faith and did he exercise the judgment of a reasonable and prudent person in determining that there had been default under the deed of trust? This creates an issue of fact and on his motion for summary judgment, defendant Loftin, as movant, had the "laboring oar." *Singleton v. Stewart, supra.*

Furst v. Loftin

At the trial of this cause, assuming that evidence will be presented substantially as indicated in the present record, defendant Loftin will be entitled to an issue as to whether he acted in good faith and as a reasonable and prudent man in concluding that there had been default by plaintiffs. At that time, the burden of proof will be on plaintiffs and should they fail to make out a prima facie case on the issue, defendant Loftin will be entitled to a directed verdict.

Therefore, the summary judgment against defendant Loftin is reversed and this cause as to him is remanded to the superior court for further proceedings not inconsistent with this opinion.

\*    \*    \*    \*    \*

Judgment reversed and cause remanded.

Judge PARKER concurs.

Judge CLARK dissents.

Judge CLARK dissenting:

In making the foreclosure sale under the power of sale in a deed of trust it is the duty of the trustee to exercise due diligence and to act in good faith for the best interests of the parties, both grantees and beneficiaries. But in this case we are concerned with the duty of the trustee in determining default, which is controlled by the terms of the deed of trust, a contract between the parties. Under these terms the trustee could act only when authorized by the creditors. The creditors had the option of declaring the entire indebtedness due and payable; they did so and directed the trustee to foreclose. The trustee then had the duty to foreclose.

The grantors attempted to enjoin the foreclosure, obtained a temporary restraining order, but in the hearing before Judge Brewer to continue the restraining order on 28 August 1974, the court found ". . . there is no competent evidence . . . which would support an order continuing the restraining order." The trustee sold the property two days later on 30 August 1974. Two days before sale the grantors were unable to offer to the court competent evidence that there was no default. I find nothing in the record to indicate that any competent evidence was submitted to the creditors or the trustee at any time which would justify cancellation of the foreclosure sale.

In my opinion the plaintiffs were required (1) to provide insurance as required by the deed of trust, and (2) to submit satisfactory proof to the creditors that they had effected this insurance. All of the proof establishes that the insurance coverage was cancelled, and there was no competent evidence that prior to foreclosure sale on 30 August 1974 the plaintiffs had in effect the required insurance coverage and offered satisfactory proof of such to the creditors. I would grant all of defendants' motions for summary judgment. See *Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976).