IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF JOHN M. CONNOLLY, AND WIFE MARGIE H. CONNOLLY, GRANTORS v. JACK H. POTTS, TRUSTEE FOR FRANK A. MOODY AND WIFE, CHARLOTTE O. MOODY, AS RECORDED IN BOOK 102, PAGE 140, OF THE TRANSYLVANIA COUNTY REGISTRY

No. 8229SC512

(Filed 17 May 1983)

**Mortgages and Deeds of Trust § 25— beneficiaries not in possession of note—no right to foreclose deed of trust**

    The beneficiaries of a deed of trust were not holders of the note secured by the deed of trust and thus were not entitled to foreclose the deed of trust where the note had been assigned by the beneficiaries to a bank as security for a loan and they were not in possession of the note at the time of trial. The decision in *Furst v. Loftin,* 29 N.C. App. 248 (1976) is overruled to the extent that it may represent a holding that possession at trial is not necessary to establish that the mortgagee is the holder of the instrument which constitutes the debt secured by the mortgage. G.S. 25-1-201(20).

APPEAL by petitioners from *Freeman, Judge.* Judgment entered 16 February 1982 in TRANSYLVANIA County Superior Court. Heard in the Court of Appeals 18 March 1983.

Petitioners Frank A. Moody and wife, as beneficiaries (mortgagees), brought this special proceeding to foreclose under a power of sale in a deed of trust in which Potts was the trustee and respondents John M. Connolly and wife were the grantors (mortgagors). The Clerk of Superior Court denied the petition. Upon appeal *de novo,* Judge Freeman entered the following order.

    THIS CAUSE, coming on to be heard and being heard before the undersigned Judge Presiding, without a jury, during the February 8, 1982 Term of Superior Court for Transylvania County, and the Court upon reviewing the record and hearing evidence and testimony makes the following findings of fact:

    1. That this is a Special Proceeding by Frank A. Moody and wife, Charlotte O. Moody, mortgagees, hereinafter called petitioners, seeking the foreclosure of a certain deed of trust recorded in Deed of Trust Book 102, page 140, Transylvania County Registry and executed by John M. Connolly and wife,

Margie H. Connolly, mortgagors, hereinafter called respondents.

2. That from the order of the Clerk of Superior Court of Transylvania County denying the petition for foreclosure, petitioners gave notice of appeal for a hearing *de novo.*

3. That in open court, counsel for petitioners and counsel for respondents stipulated and agreed: (a) that respondents executed and delivered to petitioners a certain note and deed of trust dated October 14, 1975, and recorded in Deed of Trust Book 102, page 140, Transylvania County Registry; (b) that a valid debt existed at the time this Special Proceeding was instituted; (c) that the deed of trust contains a power of sale and (d) the respondents were properly served with copies of the Notice of Hearing and Notice of Trustee's Sale of Real Property.

4. That on February 23, 1978, petitioners executed and delivered to First Citizens Bank and Trust Company a negotiable promissory note in the amount of twelve thousand five hundred dollars ($12,500.00) and a Security Agreement giving to the bank as collateral for the twelve thousand five hundred dollar ($12,500.00) note an assignment of the note and deed of trust dated October 14, 1975 in the amount of two hundred sixty thousand dollars ($260,000.00) from John M. Connolly and wife, Margie H. Connolly to Frank A. Moody and wife, Charlotte O. Moody; that at the time of the execution and delivery of the said twelve thousand five hundred ($12,500.00) note by petitioners to First Citizens Bank and Trust Company, said petitioners delivered to First Citizens Bank and Trust Company the original note and deed of trust executed by respondents which is the subject matter of this Special Proceeding; that at the time of the institution of this Special Proceeding, the promissory note of petitioners to First Citizens Bank and Trust Company had not yet been paid and satisfied and that the said bank was in physical possession of the original note and deed of trust which is the subject matter of this foreclosure proceeding.

THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW AS FOLLOWS:

1. That the deed of trust has a valid power of sale.

2. That respondents were properly served with copies of the Notice of Hearing and Notice of Trustee's Sale of Real Property.

3. That a valid debt existed at the time this Special Proceeding was instituted.

4. That petitioners were not the holders of the note and deed of trust which is the subject matter of this foreclosure proceeding at the time this Special Proceeding was instituted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Petition for Foreclosure of the deed of trust recorded in Deed of Trust Book 102, page 140, Transylvania County Registry is denied and that the Trustee shall not sell the property at foreclosure sale.

From the entry of Judge Freeman's order, petitioners have appealed.

*Ramsey & Cilley, by Robert S. Cilley, for petitioners.*

*Ramsey, Smart, Ramsey & Hunt, P.A., by Margaret M. Hunt, for respondents.*

WELLS, Judge.

The issues presented in this appeal relate to the burden upon a party seeking to foreclose under the terms of a deed of trust securing payment of a promissory note to establish that he is the holder of the note.

A party seeking to go forward with foreclosure under a power of sale must establish, *inter alia,* by competent evidence, the existence of a valid debt *of which he is the holder.* G.S. 45-21.16(d), *In re Foreclosure of Burgess,* 47 N.C. App. 599, 267 S.E. 2d 915 (1980). The Uniform Commercial Code, G.S. 25-1-201(20) defines a "holder" to be "a person who is in possession of . . . an instrument . . . issued or indorsed to him or to his order . . . ." *See Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.,* 301 N.C. 200, 271 S.E. 2d 54 (1980). It is the fact of possession which is significant in determining whether a person is a

holder, and the absence of possession defeats that status. *See Liles v. Myers*, 38 N.C. App. 525, 248 S.E. 2d 385 (1978). *See also* 1 Anderson, Uniform Commercial Code § 1-201: 105 through 116.

The trial court's finding of the existence of a valid debt was not determinative of petitioner's right to foreclose. In the case now before us, petitioners were not able to show the trial court that they were in possession of the note which the mortgage secured. The note was not introduced into evidence, and petitioner Frank A. Moody's testimony showed that at the time of trial, the note was in the possession of a third party, as found by the trial court. Petitioner cites *Furst v. Loftin*, 29 N.C. App. 248, 224 S.E. 2d 641 (1976) for the proposition that where a mortgagee's note has been pledged to another to secure a debt smaller than the debt securing the deed of trust sought to be foreclosed, the mortgagee has such an interest as will entitle him to foreclose the mortgage. To the extent that *Furst* may represent a holding that possession at trial is not necessary to establish that the mortgagee is the holder of the instrument that constitutes the debt which the mortgage secures, *Furst* is expressly overruled.

Judge Freeman's order appears to indicate that he was under the misapprehension that petitioner's status as a holder *at the time of the institution of the action* was controlling. The matter being before Judge Freeman *de novo*, the evidence at trial was determinative of the question. It is clear that *on the evidence*, Judge Freeman reached the correct result.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges JOHNSON and PHILLIPS concur.