In re Foreclosure of Connolly v. Potts

---

IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF JOHN M. CONNOLLY AND WIFE, MARGIE H. CONNOLLY, GRANTORS v. JACK H. POTTS, TRUSTEE FOR FRANK A. MOODY AND WIFE, CHARLOTTE O. MOODY, AS RECORDED IN BOOK 102, PAGE 140, OF THE TRANSYLVANIA COUNTY REGISTRY

No. 8229SC512

(Filed 16 August 1983)

**Mortgages and Deeds of Trust § 25— right to foreclose deed of trust—whether beneficiaries in possession of note—insufficient findings**

   The trial court's findings were insufficient to resolve the issue of whether the beneficiaries of a deed of trust who had assigned the note secured thereby

to a bank as security for a loan had possession of the note at the time of trial so as to be holders of the note entitled to foreclose the deed of trust. The decision in *Furst v. Loftin*, 29 N.C. App. 248 (1976) is overruled to the extent that it may represent a holding that possession at trial is not necessary to establish that the mortgagee is the holder of the instrument which constitutes the debt secured by the mortgage. G.S. 45-21.16(d); G.S. 25-1-201(20).

APPEAL by petitioners from *Freeman, Judge.* Judgment entered 16 February 1982 in TRANSYLVANIA County Superior Court. Heard in the Court of Appeals 18 March 1983.

In our initial opinion, filed 17 May 1983 and reported at 62 N.C. App. 300, 302 S.E. 2d 481 (1983), we affirmed the judgment of the trial court. We allowed petitioners' petition to rehear.

Petitioners Frank A. Moody and wife, as beneficiaries (mortgagees), brought this special proceeding to foreclose under a power of sale in a deed of trust in which Potts was the trustee and respondents John M. Connolly and wife were the grantors (mortgagors). The Clerk of Superior Court denied the petition. Upon appeal *de novo*, Judge Freeman entered the following order.

THIS CAUSE, coming on to be heard and being heard before the undersigned Judge Presiding, without a jury, during the February 8, 1982 Term of Superior Court for Transylvania County, and the Court upon reviewing the record and hearing evidence and testimony makes the following findings of fact:

1. That this is a Special Proceeding by Frank A. Moody and wife, Charlotte O. Moody, mortgagees, hereinafter called petitioners, seeking the foreclosure of a certain deed of trust recorded in Deed of Trust Book 102, page 140, Transylvania County Registry and executed by John M. Connolly and wife, Margie H. Connolly, mortgagors, hereinafter called respondents.

2. That from the order of the Clerk of Superior Court of Transylvania County denying the petition for foreclosure, petitioners gave notice of appeal for a hearing *de novo*.

3. That in open court, counsel for petitioners and counsel for respondents stipulated and agreed: (a) that respondents

executed and delivered to petitioners a certain note and deed of trust dated October 14, 1975, and recorded in Deed of Trust Book 102, page 140, Transylvania County Registry; (b) that a valid debt existed at the time this Special Proceeding was instituted; (c) that the deed of trust contains a power of sale and (d) the respondents were properly served with copies of the Notice of Hearing and Notice of Trustee's Sale of Real Property.

4. That on February 23, 1978, petitioners executed and delivered to First Citizens Bank and Trust Company a negotiable promissory note in the amount of twelve thousand five hundred dollars ($12,500.00) and a Security Agreement giving to the bank as collateral for the twelve thousand five hundred dollar ($12,500.00) note an assignment of the note and deed of trust dated October 14, 1975 in the amount of two hundred sixty thousand dollars ($260,000.00) from John M. Connolly and wife, Margie H. Connolly to Frank A. Moody and wife, Charlotte O. Moody; that at the time of the execution and delivery of the said twelve thousand five hundred ($12,500.00) note by petitioners to First Citizens Bank and Trust Company, said petitioners delivered to First Citizens Bank and Trust Company the original note and deed of trust executed by respondents which is the subject matter of this Special Proceeding; that at the time of the institution of this Special Proceeding, the promissory note of petitioners to First Citizens Bank and Trust Company had not yet been paid and satisfied and that the said bank was in physical possession of the original note and deed of trust which is the subject matter of this foreclosure proceeding.

THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW AS FOLLOWS:

1. That the deed of trust has a valid power of sale.

2. That respondents were properly served with copies of the Notice of Hearing and Notice of Trustee's Sale of Real Property.

3. That a valid debt existed at the time this Special Proceeding was instituted.

4. That petitioners were not the holders of the note and deed of trust which is the subject matter of this foreclosure proceeding at the time this Special Proceeding was instituted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Petition for Foreclosure of the deed of trust recorded in Deed of Trust Book 102, page 140, Transylvania County Registry is denied and that the Trustee shall not sell the property at foreclosure sale.

*Ramsey & Cilley, by Robert S. Cilley, for petitioners.*

*Ramsey, Smart, Ramsey & Hunt, P.A., by Margaret M. Hunt, for respondents.*

WELLS, Judge.

The issues presented in this appeal relate to the burden upon a party seeking to foreclose under the terms of a deed of trust securing payment of a promissory note to establish that he is the holder of the note.

A party seeking to go forward with foreclosure under a power of sale must establish, *inter alia*, by competent evidence, the existence of a valid debt *of which he is the holder.* G.S. 45-21.16(d), *In re Foreclosure of Burgess*, 47 N.C. App. 599, 267 S.E. 2d 915, *appeal dismissed*, 301 N.C. 90, --- S.E. 2d --- (1980). The Uniform Commercial Code, G.S. 25-1-201(20) defines a "holder" to be "a person who is in possession of . . . an instrument . . . issued or indorsed to him or to his order . . . ." *See Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.*, 301 N.C. 200, 271 S.E. 2d 54 (1980). It is the fact of possession which is significant in determining whether a person is a holder, and the absence of possession defeats that status. *See Liles v. Myers*, 38 N.C. App. 525, 248 S.E. 2d 385 (1978). *See also* 1 Anderson, Uniform Commercial Code § 1-201: 105 through 116.

The trial court's finding of the existence of a valid debt was not determinative of petitioners' rights to foreclose. The record before us does not make clear whether petitioners were in possession of the note which the mortgage secured. The record on appeal indicates that prior to trial, the parties stipulated as to the existence and proper execution of "the note and deed of trust."

In re Foreclosure of Connolly v. Potts

The record further indicates that petitioners "introduced the originals of the note and deed of trust." But petitioner Frank Moody testified that in February of 1978 petitioners assigned the $260,000.00 note to First Citizens Bank and Trust Company as security for a $12,500.00 loan; that the $12,500.00 note had been paid off at some undetermined time; and "that he and his wife had not gotten back the note for $260,000.00" but that "they had left the big note at the bank, for security purposes." The findings of fact made by the trial court did not address the question of who had actual possession of the $260,000.00 note.

Petitioners cite *Furst v. Loftin*, 29 N.C. App. 248, 224 S.E. 2d 641 (1976) for the proposition that where a mortgagee's note has been pledged to another to secure a debt smaller than the debt securing the deed of trust sought to be foreclosed, the mortgagee has such an interest as will entitle him to foreclose the mortgage. To the extent that *Furst* may represent a holding that possession at trial is not necessary to establish that the mortgagee is the holder of the instrument that constitutes the debt which the mortgage secures, *Furst* is expressly overruled.

Judge Freeman's order appears to indicate that he was under the misapprehension that petitioners' status as a holder *at the time of the institution of the action* was controlling. The matter being before Judge Freeman *de novo*, petitioners' status *at the time of trial* was determinative of the question of "holdership."

The evidence, as narrated in the record on appeal, raised questions as to whether petitioners ever regained possession of the $260,000.00 note of 14 October 1975, and whether they actually had possession of that note at the time of trial. The findings of the trial court did not resolve these critical questions.

For the reasons stated, the judgment of the trial court must be vacated and the case must be remanded for further proceedings not inconsistent with this opinion.

Our opinion reported in 62 N.C. App. 300, 302 S.E. 2d 481 (1983) is hereby withdrawn and is superseded by this opinion.

Vacated and remanded.

Judges JOHNSON and PHILLIPS concur.