IN THE MATTER OF THE FORECLOSURE OF THE PROPERTY OF ESTELLE
C. JOHNSON

No. 8415SC479

(Filed 5 February 1985)

**Mortgages and Deeds of Trust § 25— foreclosure under power of sale—failure to show existence of valid debt**

   A party seeking to go forward with foreclosure under a deed of trust securing payment of a promissory note must establish by competent evidence the existence of a valid debt of which he is the holder. Petitioners in this case failed to carry this burden where they offered into evidence a copy of a deed of trust which was signed and which recited the existence of a note, but they did not offer the note into evidence, nor were they able to show that they were in possession of the note, due proof of ownership of the note, its execution, its delivery, or its loss or destruction.

APPEAL by petitioners from *Johnson, E. Lynn, Judge.* Order entered 30 January 1984 in Superior Court, CHATHAM County. Heard in the Court of Appeals 9 January 1985.

Petitioners William Reid Johnson, individually and as guardian ad litem for Delessup Johnson, James Myrover Johnson, Jr., Inez Maude Johnson, Michael Sherron Johnson, Johnny Nathan Johnson, and Mona Johnson Fontenot instituted this proceeding to foreclose under a deed of trust executed by Jonathan Johnson, borrower, to J. A. Moody, original trustee, for the benefit of Davis Johnson, payee. The petition alleged in pertinent part that on 12 November 1966 Jonathan Johnson executed to Davis Johnson a promissory note in the amount of $40,000.00; that Jonathan Johnson executed a deed of trust securing payment of the note and conveying a security interest in real property known as Johnson's Produce Market located in Chatham County; that Davis Johnson died intestate on 21 May 1969, his heirs constituting the aforementioned petitioners; that Jonathan Johnson died testate on 6 April 1982, leaving his widow, respondent Estelle C. Johnson, as his sole beneficiary; and that the present owner of the encumbered premises and the only person obligated to pay the underlying debt is the respondent. The Clerk of Superior Court denied the petition. Upon appeal *de novo,* Judge Johnson made the following finding of fact:

1. That there has not been shown the existence of a note with any terms sufficient to cause a foreclosure in this proceeding.

Based upon this finding of fact, Judge Johnson affirmed and incorporated by reference the following conclusions of law of the Clerk of Superior Court:

1. That Estelle Cook Johnson as survivor of Jonathan E. Johnson, Deceased, and present owner of the real estate securing said deed of trust, and all other persons entitled to notice under the terms of General Statute Section 45-21.16(a) and (b) have received notice of this hearing as required by law;

2. That Samuel E. West, Substitute Trustee, has been appointed . . .

3. That the petitioners have failed to prove either the execution of or the existence of any note or other evidence of debt and further that petitioners have failed to prove that they are the owners or holders in due course of any note or evidence of debt or that they have the right to seek foreclosure under the deed of trust hereinbefore referred.

NOW, THEREFORE, [IT] IS HEREBY ORDERED, ADJUDGED AND DECREED that the said Samuel E. West, Substitute Trustee, is precluded from proceeding to foreclose pursuant to the power of sale granted to him under the above described deed of trust.

From the entry of Judge Johnson's order, petitioners have appealed.

*Parker and Smith, by Daniel E. Smith and Gerald C. Parker, for petitioners appellants.*

*Edwards and Atwater, by Phil S. Edwards, for respondent appellee.*

MARTIN, Judge.

The issues presented in this appeal pertain to the burden upon a party seeking to foreclose under a deed of trust securing payment of a promissory note to establish the existence of a valid

debt of which he is the holder. We hold that petitioners have failed to carry this burden.

Petitioners contend the trial court erred in finding in its order that the petitioners had failed to show the existence of a promissory note with any terms sufficient to cause a foreclosure in this proceeding. A party seeking to go forward with foreclosure under a deed of trust securing payment of a promissory note must establish, *inter alia*, by competent evidence, the existence of a valid debt of which he is the holder. G.S. 45-21.16(d); *In re Foreclosure of Burgess*, 47 N.C. App. 599, 267 S.E. 2d 915, *appeal dismissed*, 301 N.C. 90 (1980). The Uniform Commercial Code defines a "holder" as "a person who is in possession of . . . an instrument . . . issued or endorsed to him or to his order . . . ." G.S. 25-1-201(20); *see also Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.*, 301 N.C. 200, 271 S.E. 2d 54 (1980). Possession is significant in determining whether a person is a holder, and the absence of possession defeats that status. *See In re Foreclosure of Connolly v. Potts*, 63 N.C. App. 547, 306 S.E. 2d 123 (1983); *Liles v. Myers*, 38 N.C. App. 525, 248 S.E. 2d 385 (1978); *see also* 1 Anderson, Uniform Commercial Code § 1-201: 105 through 116.

Applying these basic tenets to the case *sub judice*, petitioners were required to sustain the burden of proof as to the existence of a valid debt, at the time of trial, of which they were the holders. Petitioners offered into evidence a copy of a deed of trust, which was signed by Jonathan Johnson and which recited the existence of a note; however, petitioners did not offer the note into evidence, nor were they able to show the trial court that they were in possession of the note which the deed of trust secured. Petitioners argue that this evidence before the court demonstrated that the note was lost or destroyed under G.S. 25-3-804 so as to excuse its production and permit secondary evidence of its contents. However, G.S. 25-3-804 by its very terms requires "due proof of ownership, the facts which prevent his production of the instrument and its terms." It is necessary to prove the due execution of the instrument, its delivery, as well as its loss or destruction before secondary evidence of its contents may be shown. *See Downing v. Dickson*, 224 N.C. 455, 31 S.E. 2d 378 (1944).

The evidence offered by petitioners in this case fails to sustain their burden of proof. The record is devoid of any evidence

concerning due proof of ownership of the note, its execution, its delivery, or its loss or destruction. This failure is fatal to petitioners' action and renders correct the trial judge's order precluding a foreclosure pursuant to the power of sale under the deed of trust.

Petitioners next assert that the trial court erred by sustaining respondent's objection, preventing Estelle C. Johnson from testifying as to what reason Jonathan Johnson would be paying $4,000.00 to Inez Johnson other than in regard to the transaction involving Johnson's Produce Market. Respondent objected and when the objection was sustained, petitioners excepted but made no offer of proof. This exception is without merit since the exclusion of evidence will not be reviewed on appeal unless the record sufficiently shows what the evidence would have been. *Gibbs v. Light Co.*, 268 N.C. 186, 150 S.E. 2d 207 (1966); *Carter v. Carr*, 68 N.C. App. 23, 314 S.E. 2d 281 (1984).

Petitioners next assign as error the trial court's refusal to allow into evidence copies of checks apparently bearing the signature of Jonathan Johnson and made payable to Inez Johnson, the widow of one of the heirs of Davis Johnson and a petitioner herein in the amount of $4,000.00, and another check in the amount of $1,200.00 apparently bearing the signature of Jonathan Johnson and made payable to James M. Johnson, another heir of Davis Johnson and petitioner in this action. The exhibits were intended to provide proof that the checks were payment to heirs of Davis Johnson, or his successors in interest, for the alleged sale of Johnson's Produce Market. We agree with petitioners that these exhibits were collateral to the basic issue in the case; however, we are restrained from saying their exclusion from the evidence was prejudicial. Before the issue of payment of the alleged debt could be reached, petitioners possessed the burden of proving the existence of a present debt of which they were the holder with terms sufficient to cause a foreclosure. Having failed to carry this burden, exclusion of the two copies of checks bearing the signature of Jonathan Johnson did not constitute prejudicial error.

Petitioners finally contend the trial court committed prejudicial error in affirming the conclusions of law of the Chatham County Clerk of Superior Court. Upon examination of the facts

and conclusions, we are of the opinion and so hold that the trial court correctly applied the facts that he found in affirming the Clerk of Superior Court's conclusions of law. Accordingly, the order of the trial judge is

Affirmed.

Judges BECTON and JOHNSON concur.