IN RE: FORECLOSURE OF DEED OF TRUST FROM CHARLES WAYNE ROL-
    LINS AND WIFE, DELORISE LEE ROLLINS, TO TIM, INC., TRUSTEE,
    DATED APRIL 25, 1979 AND RECORDED IN BOOK 570 AT PAGE 970 IN
    THE DAVIDSON COUNTY PUBLIC REGISTRY AND IN BOOK 1109 AT
    PAGE 100 IN THE RANDOLPH COUNTY PUBLIC REGISTRY

No. 8422SC797

(Filed 2 July 1985)

**Mortgages and Deeds of Trust § 17.1— foreclosure in one county—note paid in full
—no foreclosure in second county**

When a debt secured by a deed of trust on land lying in two different
counties was paid in full from the proceeds of a foreclosure sale in one county,
no valid debt existed which would support foreclosure of the deed of trust in
the second county.

APPEAL by respondents from *McConnell, Judge.* Order
entered 15 December 1983 in Superior Court, DAVIDSON County.
Heard in the Court of Appeals 2 April 1985.

In 1979, to secure the payment of a note in the amount of
$45,900, Charles Wayne Rollins and wife, appellants here, ex-
ecuted a deed of trust on a 6.88 acre tract of land, part of which
lies in Davidson County and part in Randolph County. The deed
of trust directs that any foreclosure sale be conducted "at the
usual and customary place for such sales at the Courthouse in
Davidson and Randolph County." Sometime after the documents
were executed they were assigned to the appellee, Bankers Mort-
gage Corporation, which substituted J. William Anderson as
trustee. In September 1981, the note was in default and the
substitute trustee began foreclosure proceedings in Randolph
County only. After a hearing the Randolph County Clerk of
Superior Court authorized the foreclosure sale, which was con-
ducted in due course at the Randolph County Courthouse, where
Bankers Mortgage Corporation was the last and highest bidder in
the amount of $51,920. Thereafter, the bid was assigned to the
Veterans Administration, the bid proceeds were applied to and
paid off the mortgage debt in full, the trustee deeded the proper-
ty to the Veterans Administration, and the proceeding was con-
cluded in due course with the court auditing and approving the
substitute trustee's final report and account on 15 December
1981. In July 1983, after various transactions and proceedings ir-
relevant to this appeal, the substitute trustee, at Bankers Mort-

gage Corporation's behest, began this proceeding in Davidson County to foreclose on the same land under the authority of the same deed of trust. After a hearing the Clerk of Superior Court of Davidson County found that the debt secured by the deed of trust had been satisfied by a prior foreclosure, concluded that "there is no valid debt of which the party seeking to foreclose is the holder," and ordered that the attempted foreclosure cease. On appeal to the Superior Court Judge it was found that a "valid debt exists as evidenced by the Deed of Trust Note dated 25 April 1979," and the substitute trustee was authorized to proceed with foreclosure. From this order the respondents Rollins appealed.

*Clarence Mattocks for respondent appellants.*

*Whitley & Spach, by John B. Whitley, for appellee Bankers Mortgage Corporation.*

PHILLIPS, Judge.

The existence of a mortgage debt is an indispensable requisite for foreclosure under our law. G.S. 45-21.16(d); *Matter of Sutton Investments, Inc.,* 46 N.C. App. 654, 266 S.E. 2d 686 (1980), *disc. rev. denied,* 301 N.C. 90, --- S.E. 2d --- (1980). The record before us contains no competent evidence to support the judge's finding that a valid debt exists under the note and deed of trust in question. The record shows without contradiction that the mortgage indebtedness that the substitute trustee seeks to collect in this foreclosure proceeding was paid off in full during the first foreclosure in Randolph County. Thus, this foreclosure is without foundation and the order of the trial judge must be set aside. *In re Foreclosure of Connolly v. Potts,* 63 N.C. App. 547, 306 S.E. 2d 123 (1983). As to the many questions that may later arise between the parties concerning the property involved, we say nothing. The only question now before us is whether this foreclosure proceeding is well founded, and our holding is that it is not.

Reversed.

Judges ARNOLD and COZORT concur.