JULIA ANN CARTER v. D. W. BOST, L. T. HARTSELL, TRUSTEE, AND GEORGE I. CARTER.

(Filed 8 April, 1936.)

**Limitation of Actions A d—Right to foreclose deed of trust given as additional security by person not liable on note held governed by ten-year statute and not three-year statute.**

Plaintiff executed a deed of trust on her land as additional security for the principal's debt, the principal having executed the note and a deed of trust on his lands. Plaintiff did not sign the note, and brought this action to have the deed of trust on her lands canceled as a cloud upon title, alleging that her liability on the note as surety was barred by the three-year statute of limitations, C. S., 441 (1). *Held:* Plaintiff was not liable in any capacity on the note, and the right of action *in rem* for foreclosure of the deed of trust upon her land upon default of the principal is not barred until the expiration of ten years after the power of sale becomes absolute, or after ten years from the last payment on the note. C. S., 436, 437 (3).

CARTER *v.* BOST.

APPEAL from judgment sustaining demurrer entered by *Clement, J.,* at September Term, 1935, of ROWAN. Affirmed.

This is an action to remove cloud from plaintiff's title, instituted on 23 January, 1935. The complaint is substantially to the effect that on 23 May, 1923, the defendant George I. Carter purchased from Ellen M. Bost a tract of land containing 128 acres, and borrowed from the defendant D. W. Bost the sum of $3,600 with which to pay therefor; that on said date a deed of trust was executed by George I. Carter and his wife (now deceased) and by the plaintiff and her husband (now deceased) upon the said 128 acres, as well as upon a tract of 114 acres belonging to the plaintiff, to L. T. Hartsell, trustee, to secure a note for $3,600, payable to D. W. Bost, and representing the amount borrowed from him by George I. Carter; that the plaintiff signed the deed of trust with the understanding, and to the knowledge of all parties concerned, that she was signing only as surety, and that her land included in said deed of trust should be bound only as surety; that the deed of trust was due and payable on 23 May, 1924, but was not paid at that time, and without the knowledge or consent of the plaintiff, and at the request of the defendant George I. Carter, the defendants Hartsell, trustee, and D. W. Bost, *cestui que trust,* granted to George I. Carter extensions from time to time for payment of interest and principal on said note; and that inasmuch as more than three years have elapsed since such extensions were granted, her land is released from the operation of the deed of trust, but that said deed of trust constitutes a cloud upon her title.

After filing answer, the defendants demurred *ore tenus* upon the ground that the complaint failed to state facts sufficient to constitute a cause of action.

The court entered judgment sustaining the demurrer, from which plaintiff appealed to the Supreme Court.

*R. Lee Wright for plaintiff, appellant.*
*Hartsell & Hartsell for defendants, appellees.*

PER CURIAM. According to the admissions made on the argument, the plaintiff did not sign the note. This being true, the plaintiff was never bound by the note, either as principal or surety, and, therefore, the authorities cited by the plaintiff to the effect that actions against sureties on sealed instruments, not included in specific statutes, are ordinarily barred within three years by virtue of C. S., 441 (1), have no application to this case.

The plaintiff having executed only the deed of trust on her land as additional security for the debt, the only cause of action created by her, in the event of default in payment, was one to foreclose the deed of trust

against her land and not one for judgment against her personally—an action *in rem,* not *in personam.*

The period prescribed for the commencement of the foreclosure of a deed of trust under power of sale is "within ten years after the . . . power of sale became absolute, or within ten years after the last payment on the same." C. S., 436, 437 (3). There was no contention that the rights to foreclose the deed of trust on the plaintiff's land is barred by the ten-year limitation, presumably for the reason that it appears that many payments on the debt were made within the ten-year period next preceding the commencement of this action.

Affirmed.