IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST FROM WESLEY W. MANNING, LAURA S. MANNING, HUSBAND AND WIFE, IN THE ORIGINAL AMOUNT OF $322,700.00 AND DATED SEPTEMBER 23, 2003 IN BOOK 3226, PAGE 112, UNION COUNTY REGISTRY, CURRENT OWNER(S): LAURA S. MANNING; TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE

No. COA12-1247

Filed 6 August 2013

1.  **Deeds—deed of trust—foreclosure—valid debt—default**

The trial court did not err in a foreclosure case by authorizing the foreclosure of the subject property. The clerk of superior court had no jurisdiction to enter an order requiring a satisfaction to be recorded as to the deed of trust on the property, a valid debt existed, and there was default thereupon.

2.  **Deeds—deed of trust—foreclosure—note holder**

The trial court did not err in a foreclosure case authorizing the foreclosure of the subject property. There was competent evidence to show that the party seeking to foreclose on the property was the current holder of the original Note.

Appeal by respondent from order entered 3 May 2012 by Judge Theodore Royster, Jr. in Union County Superior Court. Heard in the Court of Appeals 11 April 2013.

*HUTCHENS, SENTER, KELLAM, & PETTIT, P.A., By Hilton T. Hutchens, Jr. and Natasha M. Barone, for appellee.*

*RAYBURN COOPER & DURHAM, P.A., by Daniel J. Finegan and James B. Gatehouse, for appellant.*

ELMORE, Judge.

Laura S. Manning and the Estate of Wesley Manning (respondents) appeal from an order authorizing Trustee Services of Carolina, LLC, as substitute trustee for Bank of America, N.A., to proceed with a foreclosure sale of certain real property. After much consideration, we affirm.

## I. Background

On 15 September 2003, Wesley Manning executed a promissory note (the Note) for $322,700.00 payable to America's Wholesale Lender (AWL), a trademark name for Countrywide Home Loans, Inc. (Countrywide). He and his wife, Laura S. Manning executed a deed of trust to secure the Note; Laura Manning did not sign the Note. However, Laura Manning signed the deed of trust as a "borrower" and offered the residential property located at 1600 Tanglebriar Court in Union County as collateral. She was and is the sole owner of the Tanglebriar property. AWL perfected its lien as a first priority lien against the Tanglebriar property upon recordation.

On 20 March 2008, Wesley Manning (decedent) was killed in an accident. Laura Manning (now respondent) was appointed as executrix of his estate. On 15 July 2008, Countrywide served the Estate with a Statement of Claim regarding the outstanding debt owed under the Note. The record indicates that Bank of America later merged with and acquired Countrywide. As such, the Note was assigned to Bank of America Home Loans Servicing, LP (BAC). BAC later became Bank of America, National Association (BANA). BANA initiated this foreclosure proceeding as the alleged holder of the promissory note.

On 25 June 2010, the Estate filed a petition regarding outstanding liabilities of the Estate and a Notice of Hearing regarding that petition. In the certificate of service on the Notice of Hearing, the Estate served the law firm of Hutchens, Sneter & Britton, P.A. (HSB) with notice of the Estate proceeding on behalf of BANA. Respondents allege that HSB represented BANA's interest because (1) Countrywide's general counsel "gave explicit instruction" for the Estate to communicate with HSB regarding the Tanglebriar property, and (2) because HSB directly contacted the Estate on behalf of the lender (BAC at the time).

HSB admittedly represented BANA with respect to the foreclosure of certain Kure Beach property owned by decedent; however, HSB contends that this representation did not give the Estate any authority to designate HSB as counsel for BANA as to the Tanglebriar property.

In a letter addressed to the Estate, attorney Hutchens wrote on HSB's behalf: "At no time, including the present, did [] [HSB] represent Bank of America as to the Manning CLT Loan." The letter corroborated Mr. Hutchens testimony at the *de novo* hearing: "So I sent a letter back to him and said, again, I told you I don't represent Bank of America." Additionally, HSB contends that BANA never received notice of the Estate proceeding because HSB did not accept service of process on BANA's behalf. The issue of whether HSB represented BANA is a central dispute between the parties. BANA neither produced original documentation evidencing its claim prior to the entry of the final Estate Order nor was it represented at the Estate proceeding.

On 7 July 2010, the Clerk of Superior Court for Union County entered a final Estate Order, which provided in relevant part:

> 6. The Executrix shall not treat any claim made by Countrywide (or its successor, [BANA]) on Loan # 3959482 or otherwise as a valid and enforceable claim against the Estate due to the full payment and performance of the underlying debt under N.C.G.S. § 28A-19-16 which arises from the creditor's failure to properly preserve its claim, and under N.C.G.S. § 45-36.9 any related deed of trust on property not owned by the Estate that secures such loan shall be satisfied.

Accordingly, after April 2010, both the Estate and Laura Manning ceased payment on the Note and regarded any debt secured by the Tanglebriar property satisfied. BANA alleges that it did not receive notice of the final Estate Order, thus it did not appeal from said order. The record shows that on 8 October 2010, the Estate served the law firm of Shapiro & Ingle, LLP with its Request for Satisfaction pursuant to paragraph six in the Estate Order.

On 22 October 2010, BANA initiated foreclosure proceedings against the Tanglebriar property pursuant to the deed of trust in apparent response to the Estate's cessation of payment. At the 9 December 2011 foreclosure hearing, the clerk of court terminated BANA's foreclosure, finding that BANA failed to show a valid debt and default as required by N.C. Gen. Stat. § 45-21.16(d). In making said findings, the clerk relied on the Estate Order, specifically paragraph six. BANA appealed to superior court.

The matter came on for a *de novo* hearing on 18 August 2009 before the Honorable Judge Theodore Royster, Jr., in Union County Superior Court. During the hearing, BANA presented the trial court with a certified

copy of the Note, the deed of trust, and an affidavit attesting to the validity of respondents' indebtedness pursuant to the deed of trust. In an order filed 3 May 2012, Judge Royster reversed the clerk's 9 December 2011 order, finding: (1) a valid debt, (2) default, (3) proper notice of the foreclosure proceeding, and (4) a provision in the deed of trust authorizing BANA to foreclose on the property. Additionally, Judge Royster voided paragraph six of the Estate Order to the extent that it invalidated or extinguished BANA's lien on the Tanglebriar property. The trial court concluded as a matter of law that the requirements of N.C. Gen. Stat. § 45-21.16 had been satisfied, and it authorized the Substitute Trustee for BANA to proceed with the foreclosure. Respondents entered a timely notice of appeal.

## II.  Estate Order, Valid Debt and Default

[1] Respondents' principal argument on appeal is that the trial court erred in authorizing BANA's foreclosure on the Tanglebriar property. Respondents specifically assert that the trial court erred in (1) finding the existence of valid debt and (2) finding default thereupon. One of respondents' primary contentions is that the Estate Order effectively extinguished the debt owed under the Note and barred BANA's right to foreclose on the Tanglebriar property pursuant to the deed of trust. Accordingly, we will first address this argument.

"The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings. Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *In re Foreclosure of a Deed of Trust Executed by Hannia M. Adams & H. Clayton Adams*, 204 N.C. App. 318, 320-21, 693 S.E.2d 705, 708 (2010) (quotations and citations omitted). "Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *In re Bass*, ___ N.C. ___, ___, 738 S.E.2d 173, 175 (2013) (citing *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004)).

## A.  Estate Order

In an estate proceeding, the clerk of superior court has "jurisdiction of the administration, settlement, and distribution of estates of decedents[.]" N.C. Gen. Stat. § 28A-2-1 (2011). In the instant appeal, both parties concede that the Tanglebriar property is not "property of the decedent's estate."

However, the parties dispute the effect of paragraph six in the Estate Order on BANA's right to foreclose on the Tanglebriar property. Respondent argues that the superior court "had no authority or ability to review or alter the terms of the Estate Order and its act in doing so constitutes reversible error."

BANA counters that the trial court had the authority to consider the effect of the Estate Order on the validity of the debt. BANA further argues that the trial court correctly concluded the Estate Order has no bearing on its right to foreclose because the clerk "had no jurisdiction over the property which was not part of the Estate and the Court erred in ordering that the Deed of Trust, which secures property outside the Estate, be cancelled." We agree.

Per N.C. Gen. Stat. § 45-21.16(d), certain elements must be established by the clerk of superior court before a mortgagee or trustee may proceed with a foreclosure by power of sale, including findings of a "(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to such under subsection (b)[.][1]" N.C. Gen. Stat. § 45-21.16(d) (2011). When a foreclosure action is appealed to the superior court, the trial court is limited to a de novo review of those same elements. N.C. Gen. Stat. § 45-21.16(d) (2011).

Here, in a 9 December 2011 order, the clerk of court terminated BANA's foreclosure after failing to find a valid debt and default thereupon. In so concluding, the clerk relied on the Estate Order, citing paragraph six verbatim. "A superior court judge hearing an appeal from the clerk of court is charged with making the same determinations as the clerk under section 45-21.16[.]" *In re Hudson*, 182 N.C. App. 499, 504, 642 S.E.2d 485, 489 (2007). Because the Estate Order served as the basis for the clerk's denial of BANA's foreclosure, the validity of the Estate Order was properly before the trial court for *de novo* review. *See also id.* at 503, 642 S.E.2d at 488 (holding that the trial court did not exceed its authority by examining the underlying validity of the loan documents in a foreclosure proceeding, because such an inquiry related to the finding of a "valid debt").

Moreover, the trial court did not err in voiding the portion of the Estate Order attempting to extinguish BANA's secured lien on the Tanglebriar property. "Where jurisdiction is statutory and the Legislature

---

1. We recognize that additional elements must be found per N.C. Gen. Stat. § 45-21.16(d).

. . . subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction. . . . If the court was without authority, its judgment is void[.]" *Allred v. Tucci*, 85 N.C. App. 138, 143, 354 S.E.2d 291, 295 (citations, quotation marks, and ellipses omitted), *disc. review denied*, 320 N.C. 166, 358 S.E.2d 47 (1987). "A void judgment is in legal effect no judgment. No rights are acquired or divested by it. It neither binds nor bars any one, and all proceedings founded upon it are worthless." *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (quotation and citations omitted).

Although we express no opinion on the effect of the Estate Order as to the debt owed by decedent's estate in the event of a deficiency, as that issue is not before us, it is clear that the clerk of superior court had no jurisdiction to enter an order requiring a satisfaction to be recorded as to the deed of trust on the Tanglebriar property. That property was owned wholly by Mrs. Manning at the time she and her husband executed the deed of trust. It was never property of the estate. Ordering that a satisfaction be recorded as to that deed of trust was an act in excess of "jurisdiction of the administration, settlement, and distribution of [the] estate[] of decedent[] [.]" N.C. Gen. Stat. § 28A-2-1 (2011). Therefore, that portion of the Estate Order was void and of no effect in the foreclosure proceeding. *See Allred*, 85 N.C. App. at 143, 354 S.E.2d at 295. Accordingly, we affirm the trial court's decision to void paragraph six; the Estate Order has no bearing on this action.[2]

## B.  Valid Debt and Default

Again, respondents contend that the pivotal findings in the foreclosure hearing were the trial court's determination that there was a valid debt and default. Upon review, we find that the trial court had competent evidence on which to find the existence of a valid debt and default.

In *Carter v. Bost*, the plaintiff did not execute the promissory note and was never bound by its terms. 209 N.C. 830, 184 S.E. 817 (1936). However, the plaintiff executed a deed of trust whereby her land was offered as additional security for the debt. Our Supreme Court concluded that "the only cause of action created by [plaintiff], in the event of default in payment, was one to foreclose the deed of trust against her land and not one for judgment against her personally--an action *in rem*, not *in personam*." *Id.* at 831-32, 184 S.E. at 817. Similarly, respondent in the case *sub judice* designated herself as a "borrower" on the deed of

---

2. On appeal both parties argue the issue of whether BANA received proper notice of the Estate proceeding and of the resulting Estate Order. Given our conclusion above, we decline to address any additional arguments stemming from the Estate proceeding.

trust and offered the Tanglebriar property as additional security for the debt. By doing so, respondent specifically granted the lender "the right to foreclose and sell the Property" in the event of a default. While BANA is barred from seeking a default judgment against respondent personally, it may initiate an *in rem* action against the property. *See id.* As such, the trial court did not err in finding the existence of a valid debt as evidenced in the deed of trust.

We have previously held that the determination of whether a party is in default on a contract is a question of fact. *Lowman v. Huffman*, 15 N.C. App. 700, 704, 190 S.E.2d 700, 703 (1972). Here, respondents concede that payment on the Note ceased in May 2010. However, respondents assert that they were barred from making additional payments on the Note per paragraph six of the Estate Order. Again, this argument is unpersuasive as we cannot find that the Estate Order controls in the instant action. As respondents ceased making payments on a valid debt, we conclude that there is competent evidence of a default.

## II. BANA as Note "holder"

[2] Respondent also challenges the first element of N.C. Gen. Stat. § 45-21.16(d) on the basis that BANA failed to produce any competent evidence to show that it was the current holder of the original Note or that it was the rightful successor-in-interest to AWL, Countrywide or BAC. We disagree.

Again, we review the superior court's order to determine only whether its findings are supported by competent evidence. However, "where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." *In re Foreclosure of Real Prop. Under Deed of Trust from Brown*, 156 N.C. App. 477, 485, 577 S.E.2d 398, 403 (2003) (citation omitted). Additionally, we review a trial court's decision to admit or exclude evidence for abuse of discretion. *State v. Whaley*, 362 N.C. 156, 160, 655 S.E.2d 388, 390 (2008).

In order to find that there is sufficient evidence that the party seeking to foreclose is the holder of a valid debt, we must find (1) competent evidence of a valid debt, and (2) that the party seeking to foreclose is the current holder of the Note. *See In re Adams*, 204 N.C. App. 318, 321, 693 S.E.2d 705, 709 (2010). As we concluded above that there is sufficient competent evidence of a valid debt, we need only to discern whether BANA is the current note holder. In the context of a power of sale foreclosure pursuant to N.C. Gen. Stat. §. 45-21.16, the term "holder" is defined as "[t]he person in possession of a negotiable instrument that

is payable either to bearer or to an identified person that is the person in possession." *In re Foreclosure of a Deed of Trust Executed by Hannia M. Adams & H. Clayton Adams*, 204 N.C. App. 318, 322, 693 S.E.2d 705, 709 (2010) (quoting N.C. Gen. Stat. § 25-1-201(b)(21) (2011)). Whether an entity is a "holder" has been held to be "a legal conclusion that is to be determined by a court of law on the basis of factual allegations." *In re Foreclosure by David A. Simpson, P.C.*, 211 N.C. App. 483, 495, 711 S.E.2d 165, 173 (2011).

In arguing that it provided competent evidence to support the trial court's finding that it was the current holder, BANA points to its production of the original Note, merger documents from the Secretary of State, and the Affidavit of Default executed by BANA representative, Stefanie J. Buchanan.

Respondents cite *In re Simpson, supra*, for the presumption that mere possession of the original note is insufficient to prove that an entity is the note holder. However, in *In re Simpson*, and cases with analogous holdings, the original notes were either (1) not drawn, issued, or indorsed to the party, to bearer, or in blank, or (2) the trial court neglected to make a finding in its order as to which party had possession of the note at the hearing. *Id.* at 491, 711 S.E.2d at 171; *see also Connolly v. Potts*, 63 N.C. App. 547, 306 S.E.2d 123 (1983); *Smathers v. Smathers*, 34 N.C. App. 724, 239 S.E.2d 637, (1977) (holding that the plaintiff was not the holder of the note under the UCC as the notes were not drawn, issued, or indorsed to her, to bearer, or in blank.). In the instant case, counsel for BANA presented to the trial court the original Note properly indorsed in blank to substantiate a chain of title. Accordingly, BANA's presentation of the original note serves as competent evidence to support the trial court's finding that it was the present holder.

Additionally, BANA offered copies of merger documents to evidence the merger of Countrywide Home Loan Servicing, Inc. into BAC Home Loans, Inc., now Bank of America, National Association (BANA). Under N.C. Gen. Stat. § 55-11-06(a)(2), "title to all real estate and other property owned by each merging corporation is vested in the surviving corporation without reversion or impairment." N.C. Gen. Stat. § 55-11-06(a)(2)(2011). On appeal, respondents neither dispute that a valid merger occurred between Countrywide and BANA nor do they specifically take issue with the validity of the merger documents offered by BANA. Accordingly, we conclude that the documents in the record sufficiently evidence the merger. As such, BANA, as the surviving corporation, has succeeded by operation of law to Countrywide's status as holder of the Note, thus allowing BANA to enforce the Note in its own name. *See*

*Econo-Travel Motor Hotel Corp. v. Taylor,* 301 N.C. 200, 271 S.E.2d 54 (1980). The merger alone serves as competent evidence to support the trial court's finding that BANA is the Note holder.

Furthermore, we decline to address respondents' argument concerning the affidavit of default. Because respondents failed to object to the trial court's review of the affidavit at the hearing, they are prohibited from raising any objections to it for the first time on appeal. *See In re Foreclosure of Bigelow,* 185 N.C. App. 142, 147, 649 S.E.2d 10, 14 (2007) (holding that "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to getter a better mount in the appellate courts.") (citations and quotations omitted). Finally, given our conclusion that the Estate Order has no legal effect in the instant case, we also decline to address respondents' final issue – that the trial court erred in permitting BANA to collaterally attack the Estate Order.

### III. Conclusion

The trial court properly found that the pertinent parts of the Estate Order are void and have no legal effect on the instant action. Moreover, the trial court properly concluded that BANA presented sufficient evidence to establish all required elements of N.C. Gen. Stat. § 45-21.16. After much consideration, we affirm.

Affirmed.

Judges GEER and STROUD concur.