ZACHARY, Judge.
 

 *317
 
 Turnip Investments, LLC (respondent) appeals from an order authorizing the substitute trustee to proceed with a foreclosure sale to recover money owed on a debt secured by a note and deed of trust on property located in Hickory, North Carolina (the property). On appeal, respondent argues that the trial court erred by allowing the foreclosure to proceed, on the grounds that E*Trade (petitioner) failed to prove that it was the holder of the note evidencing the debt, and that respondent had not personally defaulted on the loan. We conclude that the trial court did not err by concluding that petitioner was the holder of the note, and that respondent failed to preserve the issue of default for appellate review.
 

 I. Factual and Procedural Background
 

 On 24 January 2005 Carol Rawls executed a Home Equity Credit Line Agreement in favor of Capital One F.S.B. (Capital One) in exchange for an $85,500.00 credit line loan. On the same date, Ms. Rawls and her husband, Dewey Rawls, executed a Deed of Trust for the property to secure the loan. The note and deed of trust were later indorsed in blank and possession was transferred to petitioner. The last payment towards the loan was made on 25 June 2012. On 12 April 2013 the substitute trustees, Grady I. Ingle or Elizabeth B. Ells, filed a notice of a hearing on foreclosure of the deed of trust. At some point prior to the filing of the foreclosure notice, respondent had purchased the property at an execution sale, subject to the deed of trust; however, the record does not indicate the date of respondent's purchase. The notice, which was directed both to Dewey and Carol Rawls and to respondent, alleged that respondent was the present owner of the property and that the loan was in default. On 22 July 2013 the Ford Firm, PLLC, was appointed substitute trustee. On 30 July 2013 the Assistant Clerk of Superior Court of Caldwell County entered an order permitting the foreclosure to proceed.
 

 Respondent appealed the order to the Superior Court, where a hearing was conducted on 2 June 2014. At the hearing, petitioner "tender[ed the] court file and the documents
 
 *798
 
 therein" to the trial court. In addition, petitioner proffered the "original promissory note indorsed in blank" for the trial court to review and compare to the copy in the court file. Petitioner also informed respondent and the trial court that it had been unable to secure service on the Rawls, who are not parties to this appeal. On 12 June 2014 the trial court entered an order allowing foreclosure.
 

 Respondent appeals.
 

 *318
 

 II. Standard of Review
 

 Respondent appeals from the trial court's order entered following a bench trial on petitioner's right to proceed with foreclosure. "When an appellate court reviews the decision of a trial court sitting without a jury, 'findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary.' "
 
 In re Foreclosure of Bass,
 

 366 N.C. 464
 
 , 467,
 
 738 S.E.2d 173
 
 , 175 (2013) (quoting
 
 Knutton v. Cofield,
 

 273 N.C. 355
 
 , 359,
 
 160 S.E.2d 29
 
 , 33 (1968) ). " 'Conclusions of law drawn by the trial court from its findings of fact are reviewable
 
 de novo
 
 on appeal.' "
 

 Id.
 

 (quoting
 
 Carolina Power & Light Co. v. City of Asheville,
 

 358 N.C. 512
 
 , 517,
 
 597 S.E.2d 717
 
 , 721 (2004) ). "When this Court determines that findings of fact and conclusions of law have been mislabeled by the trial court, we may reclassify them, where necessary, before applying our standard of review."
 
 In re Simpson,
 

 211 N.C.App. 483
 
 , 487-88,
 
 711 S.E.2d 165
 
 , 169 (2011) (citing
 
 In re Helms,
 

 127 N.C.App. 505
 
 , 510,
 
 491 S.E.2d 672
 
 , 675 (1997), and
 
 N.C. State Bar v. Key,
 

 189 N.C.App. 80
 
 , 88,
 
 658 S.E.2d 493
 
 , 499 (2008) ).
 

 III. Analysis
 

 On appeal, respondent challenges the trial court's determination that petitioner was entitled to proceed with foreclosure. Respondent argues that the trial court erred by finding that petitioner was the holder of a valid debt and that it was error to find the existence of default on the debt. The elements of a valid foreclosure proceeding are well established:
 

 [C]ertain elements must be established by the clerk of superior court before a mortgagee or trustee may proceed with a foreclosure by power of sale, including findings of a "(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to such under subsection (b)[.]"... When a foreclosure action is appealed to the superior court, the trial court is limited to a
 
 de novo
 
 review of those same elements. N.C. Gen.Stat. § 45-21.16(d) (2011).
 

 In re Manning,
 

 228 N.C.App. 591
 
 , 595,
 
 747 S.E.2d 286
 
 , 290 (2013) (quoting N.C. Gen.Stat. § 45-21.16(d) ).
 

 *319
 

 A. Petitioner as Holder of Valid Debt
 

 Respondent argues first that in its order the trial court made no specific findings of facts as to who had possession of the promissory note, instead grouping the paragraphs of the court's order into one "findings of fact and conclusions of law." It is clear that this Court may categorize the findings of fact and conclusions of law.
 

 Id.
 

 Respondent also asserts that there was no competent evidence that at the time of the hearing petitioner was the holder of the promissory note securing the debt. Specifically, respondent contends that petitioner's production of the original note indorsed in blank did not establish that petitioner possessed the note, and that affidavits submitted by petitioner contained hearsay which should not have been considered by the trial court. We find petitioner's production of the original note indorsed in blank to be dispositive.
 

 Under North Carolina law, "[i]n order to find that there is sufficient evidence that the party seeking to foreclose is the holder of a valid debt, we must find (1) competent evidence of a valid debt, and (2) that the party seeking to foreclose is the current holder of the Note."
 
 Manning,
 

 228 N.C.App. at 597
 
 ,
 
 747 S.E.2d at
 
 291 (citing
 
 In re Foreclosure of Adams,
 

 204 N.C.App. 318
 
 , 321,
 
 693 S.E.2d 705
 
 , 709 (2010) ). "This Court has determined that the definition of 'holder' in North Carolina's adoption of the Uniform Commercial Code ('UCC') is applicable to the term as it is used in N.C.G.S. § 45-21.16 for
 
 *799
 
 foreclosures under powers of sale."
 
 Adams,
 

 204 N.C.App. at 322
 
 ,
 
 693 S.E.2d at 709
 
 (2010) (citing
 
 Connolly v. Potts,
 

 63 N.C.App. 547
 
 , 551,
 
 306 S.E.2d 123
 
 , 125 (1983) ). We next review the applicable definitions under the UCC.
 

 A "promissory note is a 'negotiable instrument' under N.C. Gen.Stat. [§ ] 25-3-104(a)."
 
 Franklin Credit Recovery Fund v. Huber,
 

 127 N.C.App. 187
 
 , 189,
 
 487 S.E.2d 825
 
 , 826 (1997). N.C. Gen.Stat. § 25-1-201(b)(21) defines a "holder" in relevant part as the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" and thereafter at N.C. Gen.Stat. § 25-1-201(b)(27) defines "person" to include "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture ... public corporation, or any other legal or commercial entity [.]" "Bearer" is defined by the same statute in part as "a person in possession of a negotiable instrument, negotiable tangible document of title, or certificated security that is payable to bearer or indorsed in blank." An "indorsement is 'a signature ... that alone or accompanied by other words is made on an instrument for the purpose
 
 *320
 
 of ... negotiating the instrument.' "
 
 Bass,
 

 366 N.C. at 468
 
 ,
 
 738 S.E.2d at 176
 
 (quoting N.C. Gen.Stat. § 25-3-204(a) ).
 

 The Uniform Commercial Code differentiates between two types of indorsements: special and blank. If an indorsement is "made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a 'special indorsement.' " N.C. Gen.Stat. § 25-3-205(a). "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement'. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." N.C. Gen.Stat. § 25-3-205(b). The distinction between a "special indorsement" and an indorsement "in blank" may be significant in determining whether a petitioner has shown possession of the note. As stated in the Official Comments to N.C. Gen.Stat. § 25-3-205 :
 

 If the indorsement is made by a holder and is not a special indorsement, it is a blank indorsement. For example, the holder of an instrument, intending to make a special indorsement, writes the words 'Pay to the order of' without completing the indorsement by writing the name of the indorsee. The holder's signature appears under the quoted words. The indorsement is not a special indorsement because it does not identify a person to whom it makes the instrument payable. Since it is not a special indorsement it is a blank indorsement and the instrument is payable to bearer. The result is analogous to that of a check in which the name of the payee is left blank by the drawer.
 

 Thus, as noted by the Fourth Circuit, "[n]egotiable instruments like mortgage notes that are endorsed in blank may be freely transferred. And once transferred, the old adage about possession being nine-tenths of the law is, if anything, an understatement. Whoever possesses an instrument endorsed in blank has full power to enforce it."
 
 Horvath v. Bank of New York, N.A.,
 

 641 F.3d 617
 
 , 621 (4th Cir.2011).
 

 Applying the above definitions, this Court concludes that the "holder" of a promissory note may be a bank or other lending institution that is in possession of a note that has been indorsed in blank:
 

 Under the Code, the party in possession of a negotiable instrument indorsed in blank is presumptively the holder. N.C. Gen.Stat. § 25-1-201(b)(21) (2013) ;
 

 *321
 
 N.C. Gen.Stat. § 25-3-109 (2013).
 
 See also,
 

 In re Manning,
 

 228 N.C.App. 591
 
 , 596-99,
 
 747 S.E.2d 286
 
 , 291-92 (2013) (presentation of the original note to the court, indorsed in blank, "serves as competent evidence to support the trial court's finding that [the party] was the present holder.").
 

 In re Dispute over the Sum of $375,757.47,
 
 --- N.C.App. ----, ----,
 
 771 S.E.2d 800
 
 , 806 (2015). Our conclusion in this regard finds support in several unpublished opinions of this Court, in addition to opinions from federal bankruptcy court which, although not
 
 *800
 
 binding on this Court, we find persuasive. See, e.g.,
 
 In re Gibbs,
 
 --- N.C.App. ----,
 
 765 S.E.2d 122
 
 , 2014 N.C.App. LEXIS 948 (unpublished):
 

 In a recent case addressing a similar issue, this Court stated that, "[w]here petitioner, at a foreclosure hearing before the trial court, produced the original mortgage loan note reflecting a blank indorsement and an affidavit stating that the lienholder was in possession of the Note, such was sufficient to establish the lienholder as the holder of the Note." Although we are not bound by our prior unpublished decisions, we believe that
 
 Cornish
 
 sheds additional light on our decision that the record contains sufficient evidence to establish that Petitioner held Respondents' note.
 

 Gibbs,
 
 765 S.E.2d at *17 n. 4 (quoting
 
 In re Cornish,
 
 ---N.C.App. ----,
 
 757 S.E.2d 526
 
 ,
 
 2014 WL 636969
 
 at *1, 2014 N.C.App. LEXIS 216 (unpublished), and citing
 
 United Services Automobile Assn. v. Simpson,
 

 126 N.C.App. 393
 
 , 396,
 
 485 S.E.2d 337
 
 , 339 (1997) ).
 
 See also, e.g.,
 

 In re Hernandez,
 

 2014 WL 7385860
 
 , 2014 Bankr. LEXIS 5146 (Bankr.E.D.N.C. Dec. 24, 2014) ("At the hearing ... counsel for [petitioner] presented the original Note with a blank endorsement. While [petitioner's counsel] was in actual possession of the Note, he was acting as attorney, agent and proxy for [petitioner] and it is clear from the court's examination of the Note that it was the original document clearly in the possession of [petitioner]."), and
 
 In re Robinson,
 
 No. 07-02146-8-JRL,
 
 2011 WL 5854905
 
 , 2011 Bankr. LEXIS 4504 (Bankr.E.D.N.C. Nov. 22, 2011) ("At the hearing, [petitioner] entered the original promissory note with the blank indorsement into evidence. Thus [petitioner] is clearly the holder of the note because it is in possession of the original note indorsed in blank.").
 

 Based on the plain language of N.C. Gen.Stat. § 25-3-205(b) ( "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."), and the reasoning of cases such as those cited above, we hold that a petitioner's production of an original note indorsed in blank establishes that
 
 *322
 
 the petitioner is the holder of the note. In this case it is undisputed that petitioner produced the original note indorsed in blank, and we hold that this was sufficient to support the trial court's conclusion that petitioner was the holder of the note.
 

 Respondent concedes on appeal that petitioner produced the original note at the hearing, but contends that this was insufficient to establish that petitioner was the holder of the note. Respondent's position is based upon a quote from
 
 Simpson,
 
 in which we stated that "[p]roduction of an original note at trial does not, in itself, establish that the note was transferred to the party presenting the note with the purpose of giving that party the right to enforce the instrument[.]"
 
 Simpson,
 

 211 N.C.App. at 491
 
 ,
 
 711 S.E.2d at 171
 
 .
 
 Simpson,
 
 however, which did not hold that production of an original note could
 
 never
 
 be adequate to establish a petitioner's right to enforce a note, is factually distinguishable from the instant case.
 
 Simpson
 
 did not involve a note indorsed in blank, but instead concerned a note that had been indorsed to a specific entity which was "not the party asserting a security interest in Respondent's property."
 
 Id.
 
 at 493,
 
 711 S.E.2d at 172
 
 . Significantly,
 
 Simpson
 
 specified that it was "[b]ecause the indorsement does not identify Petitioner
 
 and is not indorsed in blank
 
 or to bearer, [that] it cannot be competent evidence that Petitioner is the holder of the Note."
 
 Id.
 
 at 493,
 
 711 S.E.2d at 173
 
 (emphasis added).
 

 Given that we have concluded that petitioner's production of the original note indorsed in blank was sufficient to allow the trial court to conclude that petitioner was the holder of the note, we find it unnecessary to reach respondent's arguments concerning the admissibility of the affidavits proffered at the hearing. Respondent also argues that the trial court erred by holding that petitioner was the holder of the note without making a specific finding that petitioner was in physical possession of the note. In this case, there was no dispute that petitioner was in possession of the note. Moreover, we have held that:
 

 "[W]hen a court fails to make appropriate findings or conclusions, this Court is not
 
 *801
 
 required to remand the matter if the facts are not in dispute and only one inference can be drawn from them." There is no dispute that petitioner had physical possession of the note at the hearing ... Therefore, the only inference that can be drawn from the evidence is that petitioner ... was in physical possession of the note at the time of the hearing.
 

 *323
 

 In re Foreclosure of Yopp,
 

 217 N.C.App. 489
 
 , 499,
 
 720 S.E.2d 769
 
 , 775 (2011) (quoting
 
 Green Tree Financial Servicing Corp. v. Young,
 

 133 N.C.App. 339
 
 , 341,
 
 515 S.E.2d 223
 
 , 224 (1999) ). We conclude that respondent's argument lacks merit.
 

 B. Default
 

 In its second argument, respondent asserts that because it was not the original borrower, it could not personally be in default under the terms of the loan. Respondent does not dispute, however, that it purchased the property subject to the note and deed of trust. Moreover, respondent did not raise any argument challenging the issue of default at the hearing before the trial court. Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure states that in order "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make" and must "obtain a ruling upon the party's request, objection, or motion." By failing to raise the issue of default at trial, respondent has failed to preserve it for appellate review.
 
 See, e.g.,
 

 Basmas v. Wells Fargo Bank N.A.,
 
 --- N.C.App. ----, ----,
 
 763 S.E.2d 536
 
 , 539 (2014), which held:
 

 Plaintiffs argue that the trial court erred by finding that their default on the loan after entry of [an earlier order] constituted new facts or circumstances[, and] ... assert that their mortgage debt was discharged in bankruptcy[.] ... We do not reach the merits of this issue, because plaintiffs failed to preserve for appellate review the effect of a discharge in bankruptcy on the foreclosure action.
 

 For the reasons discussed above, we conclude that the trial court did not err and that its order must be
 

 AFFIRMED.
 

 Judges STEPHENS and McCULLOUGH concur.